UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

JUAN CARLOS MURILLO-RUVALCABA   §
                                §
vs.                             §          NO:   MO:22-CV-00039-DC
                                §
ROLLING PLAINS DETENTION CENTER   §

**ORDER *SUA SPONTE* TRANSFERRING CAUSE TO
THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS, ABILENE DIVISION**

Before the Court is Plaintiff Juan Carlos Murillo-Ruvalcaba's (Plaintiff) Complaint filed pursuant to 42 U.S.C. §1983, on February 18, 2022. [docket number 1]. After due consideration, the Court finds that a transfer of this cause to the Abilene Division of the United States District Court for the Northern District of Texas is appropriate under the venue statutes and in the interest of justice.

**I.      Facts & Procedural History**

Plaintiff initiated this cause of action in the Midland/Odessa Division of the Western District of Texas alleging that his constitutional rights were violated by the actions and inactions of the staff at the Rolling Plains Detention Center, Haskell, Texas. [*Id.*].  However, Plaintiff fails to establish a connection between the Midland/Odessa Division, where he initially filed his complaint, and the substance of the complaint itself.

**II.     Discussion**

The issue is whether this Court should consider Plaintiff's case even though the alleged unconstitutional actions took place in and around the Abilene area, where all witnesses will likely be found.  According to 28 U.S.C. §1391(b), a civil action, where diversity of citizenship is not the basis for jurisdiction, may be brought only in a judicial district (1) where any defendant resides, if all defendants reside in the same State, (2) where a substantial part of the events or omissions give rise to the claim occurred, or a substantial part of the property that is the subject of suit is situated, or (3) a judicial district in which any defendant may be found.  Moreover, a district court has the authority to transfer a case in the interest of justice to another district in which the action might have been brought.  28 U.S.C. §§1404, 1406; *Balawajder v. Scott*, 160

F.3d 1066, 1067 (5th Cir. 1999).

In the instant case, the actions complained of occurred in and around Haskell County, Texas, thus any witnesses are most likely there. The Court finds that venue is proper in the Haskell County judicial district pursuant to the dictates of 28 U.S.C. §1391(b) considering that the witnesses and unlawful actions are connected to Plaintiff's incarceration in the Rolling Plains Detention Center in Haskell, Texas. The Court further finds that Haskell County is located within the judicial district of the United States District Court for the Northern District of Texas, Abilene Division. *See* 28 U.S.C. §124(a)(3). Therefore, the instant action shall be transferred to the Abilene Division of the United States District Court for the Northern District of Texas in accordance with 28 U.S.C. §1391(b) for the convenience of those involved and in the interest of justice.

### III.    Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint filed pursuant to 42 U.S.C. §1983 is **TRANSFERRED** to the United States District Court for the Northern District of Texas, Abilene Division.

It is so **ORDERED**.

SIGNED this 24th day of February, 2022.

DAVID  COUNTS
UNITED STATES DISTRICT JUDGE

2